SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                    1 The Circle, Suite 2
RESIDENT JUDGE                                    GEORGETOWN, DE 19947

July 15, 2022

Quentin T. Jones
SBI #358258
Unit E, D-53
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Natalie Woloshin, Esquire
Woloshin, Lynch & Associates, P.A.
3200 Concord Pike
Wilmington, DE 19803

Patrick J. Collins, Esquire
Collins & Associates
8 East 13th Street
Wilmington, DE 19801

> Re:     *State of Delaware v. Quentin Jones*
>          Def. ID No. 1502002252
>          Second Motion for Postconviction Relief (R-2)

Dear Mr. Jones and Counsel:

On May 2, 2022, Quentin T. Jones ("Movant") filed a timely Motion for

Postconviction Relief under Superior Court Rule 61 (the "Rule 61 Motion"), in

1

which he asserted three claims of ineffective assistance of counsel. On May 11, 2022, I denied the Rule 61 Motion and the accompanying Motion for Appointment of Postconviction Counsel. In a letter filed on May 13, 2022 (the "Motion to Amend the Rule 61 Motion"), Movant sought to add a fourth ground for postconviction relief: Abuse of Discretion by the Court. On May 18, 2022, I allowed Movant to amend the Rule 61 Motion to add this fourth ground, but I again denied the Rule 61 Motion with respect to that fourth ground.

On July 5, 2022, an "Amended Postconviction Relief 61 Motion (Memorandum and Appendix)," dated June 23, 2022, was filed by Movant. Perhaps Movant misunderstood my May 18th ruling. I did not give him *carte blanche* to amend the Rule 61 Motion in its entirety or to file another Rule 61 Motion. Rather, I simply allowed him, as he requested, to add a fourth ground to the pending Rule 61 Motion, which I then denied. Rule 61 provides that:

> [A]ny first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant.[1]

Movant's first Rule 61 Motion, as amended, is deemed to contain all his grounds for relief. He does not now get a second chance to restate all his former grounds, or to

---

[1] Super. Ct. Crim. R. 61(i)(2)(ii).

add additional grounds that he could have made in his first Rule 61 Motion. Thus, I shall refer to the papers filed on July 5th as the "Second Rule 61 Motion."

Before addressing the merits of the Second Rule 61 Motion, I must first examine the procedural bars of Superior Court Criminal Rule 61(i).[2] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[3]

Under the Superior Court Rules of Criminal Procedure, a second or subsequent motion for postconviction relief shall be summarily dismissed, unless Movant was convicted after a trial and the motion meets certain pleading requirements.[4] You were not convicted after a trial, but entered a plea of *nolo contendere*. Moreover, the Second Rule 61 Motion does not plead with particularity that new evidence exists that creates a strong inference of actual innocence, or that a new retroactively applied rule of constitutional law renders the conviction invalid.[5] Thus, the Second Rule 61 Motion is procedurally barred under this provision.

In addition, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction

---

[2] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).

[3] *Bradley v. State*, 135 A.3d 748 (Del. 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[4] Super. Ct. Crim. R. 61(i)(2)(i).

[5] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

proceeding, or in a federal habeas corpus hearing" are barred.[6]   Movant appealed my denial of his motion to withdraw his *nolo contendere* plea to the Delaware Supreme Court.   In that decision,[7] the Supreme Court considered the five factors to be considered under Delaware law in deciding whether the withdrawal of such a plea should be permitted,[8] and upheld my denial of the motion to withdraw the guilty plea. Further, in his appeal to the Delaware Supreme Court, Movant argued that he had inadequate legal counsel with respect to, inter alia, his *nolo contendere* plea. The Supreme Court also rejected this argument.[9]   In his first Rule 61 Motion, Movant made these same arguments again, and I rejected them again. In short, the Second Rule 61 Motion is also procedurally barred as having been adjudicated twice before.

Given that Movant's Second Rule 61 Motion is procedurally barred for two reasons, I will not consider the merits and summary dismissal is appropriate.[10] For the reasons set forth above, the Second Rule 61 Motion is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

---

[6] Super. Ct. Crim. R. 61(i)(4).
[7] *Jones v. State*, 2022 WL 1134744 (Table) (Del. Apr.18, 2022).
[8] S*carborough v. State*, 938 A.2d 644 (Del. 2007).
[9] *Jones v. State*, 2022 WL 1134744 (Table) (Del. Apr.18, 2022), at *4.
[10] Super. Ct. Crim. R. 61(d)(5).

4

cc:     Prothonotary